UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

| | |
|---|---|
| SONDRA FAMBROUGH, | ) |
| | ) |
|     **Plaintiff,** | ) |
| | ) |
| v. | )   **CASE NO.**  4:18-CV-122-JHM |
| | ) |
| KENTUCKY TRANSPORTATION CABINET, | ) |
| | ) |
|     **Defendant.** | ) |

**COMPLAINT AND JURY DEMAND**

**I. NATURE OF THE CASE**

1. Plaintiff Sondra Fambrough ("Fambrough"), by counsel, brings this action against the Kentucky Transportation Cabinet ("Defendant"), alleging violations of the Americans with Disabilities Act of 1990 ("ADA"), as amended, 42 U.S.C. § 12101, *et seq.*, Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.*, and the Kentucky Civil Rights Act, KRS 344.010, *et seq.* ("KCRA").

**II. PARTIES**

2. Fambrough is a resident of Henderson County in the Commonwealth of Kentucky, who at all times relevant to this action resided within the geographical boundaries of the Western District of Kentucky.

3. Defendant maintains offices and conducts business within the geographical boundaries of the Western District of Kentucky.

**III. JURISDICTION AND VENUE**

4. Jurisdiction is conferred on this Court over the subject matter of this litigation pursuant to 28 U.S.C. §1331; 28 U.S.C. § 1343; 28 U.S.C. § 1367; 42 U.S.C. § 12117; and 42

U.S.C. § 2000e-5(f)(3).

5. Fambrough's state law claim arises from the same common nucleus of operative facts as her federal law claims and all of her claims form a single case and controversy under Article III of the United States Constitution.

6. Defendant is an "employer" as that term is defined by 42 U.S.C. § 12111(5)(A), 42 U.S.C. § 2000e(b), and KRS 344.030(2).

7. Fambrough is an "employee" as that term is defined by 42 U.S.C. §2000e(f) and KRS 344.030(5).

8. Fambrough is a "qualified individual with a disability" as defined by the Americans with Disabilities Act, 42 U.S.C. §§12102(2) and 12111(8) and Defendant knew of Fambrough's disability or record of disability, and/or Defendant regarded Fambrough as being disabled.

9. Fambrough satisfied her obligation to exhaust her administrative remedies having timely filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission against Defendant alleging discrimination based on disability and sex.  Fambrough received her Notice of Suit Rights and timely files this action.

10. Defendant employs more than five hundred (500) employees.

11. A substantial part of the events, transactions, and occurrences relevant to this lawsuit arose within the geographical environs of the Western District of Kentucky; thus, venue is proper in this Court.

## IV. FACTUAL ALLEGATIONS

12. Fambrough was hired by Defendant in or around July 1999.  At all relevant times, Fambrough held the position of Highway Equipment Operator III.

13. Beginning in or around August 2015, Fambrough was subjected to sexual harassment by her direct supervisor, Jeff Stone. Stone made comments of a sexual nature to Fambrough, including asking her to "suck my dick," "get me hard," "ride me," and other profane comments. Stone's sexual advances were unwelcome.

14. Fambrough reported Stone's actions to Stone's supervisor, George Bentley. Bentley refused to take action and did not provide Fambrough any information about Defendant's sexual harassment policy.

15. Despite Fambrough's report of sexual harassment by Stone, Defendant continued to permit Stone to directly supervise Fambrough.

16. After Fambrough reported the sexual harassment, Stone began to follow and watch Fambrough closely, in an intimidating manner; assigned her more difficult tasks and jobs; and gave Fambrough negative performance evaluations. Stone also made sexual gestures towards Fambrough while at the workplace.

17. Additionally, after Fambrough reported the sexual harassment, Bentley required Fambrough to provide a doctor's note for any absence. Similarly-situated employees who did not complain about sexual harassment were not required to do the same.

18. In December 2016, Fambrough was disciplined for sitting in her vehicle before leaving work, although other workers who had not reported sexual harassment and who engaged in the same behavior were not disciplined.

19. On or about January 3, 2017, Fambrough filed a charge of discrimination with the Equal Employment Opportunity Commission, alleging Defendant subjected her to sexual harassment and retaliation.

20. From approximately January 17, 2017, to April 12, 2017, Fambrough was absent

from work on approved medical leave after she was hospitalized for Type 2 diabetes.

21. Fambrough was released to work by her physician on or about April 12, 2017, with instructions to maintain a strict schedule with regards to times she took meals and medicine, in order to maintain her blood sugar levels and control her diabetes.

22. At her physician's direction, Fambrough requested that Defendant provide her with the reasonable accommodation of taking breaks at 9:00 a.m. and 11:00 a.m. every day, in order to monitor her blood sugar levels. This request was reasonable and did not pose an undue hardship on Defendant.

23. On May 3, 2017, Defendant requested additional medical information regarding Fambrough's medical condition, which she provided. Defendant then called a meeting with Fambrough to further discuss her restrictions and accommodation requests. Fambrough provided all information requested.

24. Despite Fambrough's request for an accommodation, Stone routinely required Fambrough to miss her breaks, which resulted in Fambrough's inability to maintain her blood sugar levels.

25. On June 13, 2017, Defendant placed Fambrough on unpaid directed sick leave and stated that Fambrough could not perform the essential functions of her position because of her diabetes. Similarly-situated male employees with diabetes who have not engaged in protected activity have been treated more favorably by Defendant.

26. At all times, Fambrough was able to perform the essential functions of her position with or without reasonable accommodations.

27. On September 8, 2017, Fambrough's physician completed a statement reiterating that Fambrough can work without any restrictions with the accommodation of two breaks at

specified times.

28. However, to date, Defendant has continued to direct Fambrough to remain on unpaid leave.

## V. CAUSES OF ACTION

### COUNT I: SEXUAL HARASSMENT

29. Fambrough hereby incorporates paragraphs one (1) through twenty-eight (28) of her Complaint.

30. Fambrough was subject to unwelcome sexual advances and a hostile work environment because of her sex.

31. Defendant was made aware of the sexual harassment but failed to take prompt remedial action.

32. Defendant's actions were intentional, willful, and in reckless disregard of Fambrough's rights as protected by Title VII of the Civil Rights Act of 1964 and the KCRA.

33. Fambrough has suffered damages as a result of Defendant's unlawful actions.

### COUNT II: DISABILITY DISCRIMINATION

34. Fambrough hereby incorporates paragraphs one (1) through thirty-three (33) of her Complaint.

35. Defendant violated Fambrough's rights as protected by the ADA and the KCRA, by discriminating against her because of her disability, record of disability, or perceived disability.

36. Defendant also violated Fambrough's rights as protected by the ADA and the KCRA by failing to reasonably accommodate Fambrough's disability.

37. Defendant's actions were intentional, willful and in reckless disregard of

Fambrough's rights as protected by the ADA and the KCRA.

38. Fambrough has suffered damages as a result of Defendant's unlawful actions.

## COUNT III: RETALIATION

39. Fambrough hereby incorporates paragraphs one (1) through thirty-eight (38) of her Complaint.

40. Fambrough engaged in protected activity when she reported the sexual harassment that she was enduring and when she filed an EEOC charge of discrimination alleging discrimination on the basis of sex and disability.

41. Defendant retaliated against Fambrough by providing her negative performance evaluations, harassing her in the workplace, denying her reasonable accommodations she requested for her disability, and placing her on unpaid medical leave.

42. Defendant's actions were intentional, willful, and taken in reckless disregard of Fambrough's legal rights.

43. Defendant's unlawful actions have violated Fambrough's rights as protected by Title VII of the Civil Rights Act of 1964, the ADA, and the KCRA.

## VI.  REQUESTED RELIEF

WHEREFORE, Plaintiff Sondra Fambrough respectfully requests that this Court enter judgment in her favor and award her the following relief:

1. Reinstatement to the position, salary, and seniority level Fambrough would have enjoyed but for Defendant's unlawful actions, and/or payment to Fambrough of front pay in lieu thereof;

2. All wages, benefits, compensation, and other monetary loss suffered as a result of Defendant's unlawful actions;

3. Compensatory damages for Defendant's violations of Title VII of the Civil Rights Act of 1964, the ADA, and the KCRA;

4. Punitive damages for Defendant's violation of Title VII of the Civil Rights Act of 1964 and the ADA;

5. All costs and attorney's fees incurred as a result of bringing this action;

6. Pre- and post-judgment interest on all sums recoverable; and

7. All other legal and/or equitable relief this Court sees fit to grant.

## DEMAND FOR JURY TRIAL

Plaintiff Sondra Fambrough, by counsel, requests a trial by jury on all issues deemed so triable.

Respectfully submitted,

/s/ Alysia Robben
Andrew Dutkanych III
Alysia Robben
Biesecker Dutkanych & Macer, LLC
101 N. Seventh Street
Louisville, KY 40202
Telephone: (502) 561-3443
Fax: (812) 424-1005
ad@bdlegal.com
arobben@bdlegal.com

*Counsel for Plaintiff*